## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | : | Case No. 3:13CV951 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KSD, Inc., et al., | : | **MEMORANDUM AND ORDER** |
| | : | |
| Defendants. | : | |

### I. INTRODUCTION

The parties have consented to the undersigned Magistrate entering final judgment in this anti-piracy case under the Federal Communications Act of 1934, as codified in 47 U.S.C. § 605; the Cable Communications Policy Act, as codified in 47 U.S.C. § 553, and a state law prohibition against conversion.  Pending are cross-Motions for Summary Judgment, Defendants' Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Summary Judgment and Plaintiff's Reply Brief (Docket Nos. 20, 30 and 32).  For the reasons that follow, the Magistrate denies Defendants' Motion to Dismiss and stays disposition of the cross-Motions for Summary Judgment pending Plaintiff's submission of the contract granting it proprietary rights to maintain its action against Defendant and the close of any extended discovery period.

1

## II. PARTIES

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"), is a Pennsylvania corporation with its principal place of business in Feasterville, Pennsylvania (Docket No. 1, pp. 2-3 of 7).

Defendant KSD, Inc. ("Defendant KSD"), is a corporation under the laws of the State of Ohio that owns and operates the Six Pack Bar & Grill (Docket No. 30, Attachment 1, p. 17 of 48).

Defendant Kypros Diacou ("Defendant Diacou"), is the sole shareholder of KSD, Inc. (Docket No. 30, Attachment 1, p. 17 of 48).

For ease of discussion, Defendant KSD and Defendant Diacou will be collectively referred to as "Defendants."

## III. FACTUAL BACKGROUND

Plaintiff, Joe Hand Promotions, Inc., is a closed-circuit distributor of sports and entertainment programming (Docket No. 20, Attachment 1, p. 1 of 9).  According to the pleadings, Plaintiff acquires television exhibition rights for certain television programming and then sub-licenses that programming, for a fee, to commercial establishments so that those establishments can publicly exhibit the programming to their patrons (Docket No. 1, p. 3 of 7; Docket No. 20, Attachment 1, p. 1 of 9).  To achieve this, Plaintiff spends money to market, advertise, promote and deliver this programming to its customers (Docket No. 1, p. 3 of 7).

Defendant KSD, Inc. is a for-profit corporation organized in June 1982 and doing business under the trade name Six Pack Bar & Grill, which is a sports bar located on West Sylvania Avenue in Toledo, Ohio (Docket No. 30, p. 6 of 18).  Defendant Diacou is the sole shareholder of KSD (Docket No. 30, p. 6 of 18; Docket No. 30, Attachment 1, p. 17 of 48).

According to the Complaint, Plaintiff purchased and acquired, by contract, the exclusive nationwide television distribution rights to the Ultimate Fighting Championship 129: Georges St Pierre v Jake Shields program ("UFC 129 program"), which occurred on April 30, 2011 (Docket No. 1, p. 3 of 7).  Plaintiff alleges that on the evening of April 30, 2011, Defendants unlawfully exhibited the UFC 129 program to their patrons at the Six Pack Bar & Grill on Sylvania Avenue in Toledo, Ohio, in violation of federal law (Docket No 1., p. 3-6 of 7).

## IV. PROCEDURAL BACKGROUND

On April 26, 2013, Plaintiff filed a Complaint for damages against both Defendant KSD, Inc., and its alter ego Kypros Diacou, in the Northern District of Ohio, Western Division (Docket No. 1).  On February 18, 2014, Plaintiff filed a Motion for Summary Judgment on Counts 1 and 2 (Docket No. 20), with supporting affidavits from Joe Hand, Jr., Plaintiff's President (Docket No. 20, Attachment 1) and Ernesto Tatad, Plaintiff's Investigator (Docket No. 20, Attachment 2). Plaintiff argues it is entitled to a judgment as a matter of law on the basis that:

(1)     Defendants unlawfully intercepted and exhibited the UFC 129 programming at their commercial establishment; and
(2)     Defendants are liable for statutory and enhanced damages, attorney fees, and costs, as permitted under 47 U.S.C. § 605.

(Docket No. 20).  On April 18, 2014, Defendants filed their Response in Opposition to Plaintiff's Motion for Summary Judgment and asserted cross-Motions for Summary Judgment and Dismissal of Plaintiff's Complaint for failing to join a necessary party (Docket No. 30). Defendants' Motion for Summary Judgment is based on two claims:

(1)     Plaintiff failed to establish any basis for asserting liability against Defendant Diacou.
(2)     Plaintiff's reliance on Mr. Tatad's testimony is directly controverted by the affidavits of Mr. Diacou and Mr. Christides concerning whether the UFC 129 programming at issue was broadcast at the Six Pack Bar & Grill as alleged

3

(Docket No. 30, pp. 9-10 of 18).

## V. ANALYSIS

### A.  MOTION TO DISMISS

The undersigned Magistrate must first rule on Defendants' Motion to Dismiss before addressing the remaining questions pending before the Court since they require consideration of facts and resolutions of legal principles that may bear on the essential relationship between the parties and the adjudication on the merits.

Dismissal is permitted under the Federal Rules of Civil Procedure for failing "to join a party under Rule 19." FED. R. CIV. P. 19 (West 2014). "Whenever feasible, the persons materially interested in the subject of an action . . . should be joined as parties so that they may be heard and a complete disposition made." FED. R. CIV. P. 19 advisory committee's note (West 2014). Rule 19 "establishes guidelines for determining when it is proper to dismiss a case because a person or entity has an interest in the outcome of the litigation that could be impaired in the absence of that person or entity, but joinder of the person or entity will deprive the court of subject matter jurisdiction." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 664 (6th Cir. 2004). "[T]he essence of Rule 19 is to balance the rights of all those whose interests are involved in the action." *Id.* at 665.

The Sixth Circuit recognizes that "the resolution of the question of joinder under Rule 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process. *Keweenaw Bay Indian Community v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993)(citation omitted).  First the court must determine whether a party is necessary to the action pursuant to Rule 19(a). *Keweenaw*, 11 F.3d at 1345.  The language of Rule 19(a) provides:

4

> (a) Persons Required to Be Joined if Feasible (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV P. 19(a) (West 2014). Should the court determine that the absent party falls within one of the provisions of Rule 19(a), the party is one to be joined so long as feasible. *Keweenaw*, 11 F.3d at 1345. At steps two and three, the court must consider issues of personal jurisdiction and indispensability. *Id*. at 1345-46. "If personal jurisdiction is present, the party shall be joined; however, in the absence of personal jurisdiction (or if venue as to the joined party is improper), the party cannot properly be brought before the court." *Id*. at 1346. "If such is the case, the court proceeds to the third step, which involves an analysis of the factors set forth in Rule 19(b) to determine whether the court may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of that party." *Id.* at 1346.

In the instant case, Plaintiff asserts causes of action under 47 U.S.C. § 605 and § 553, which requires "any person aggrieved" have proprietary rights in the communications at issue in order to have standing to bring those claims. *See* 47 U.S.C. §§ 605(d)(6), 553(c)(1) (West 2014). Plaintiff's Complaint reflects that it acquired, by contract, the exclusive nationwide television distribution rights to the UFC 129 programming (Docket No. 1, p. 3 of 7). This allegation is again asserted in Mr. Hand's affidavit in support of Plaintiff's Motion for Summary Judgment (Docket No. 20, Attachment 1, p. 1 of 9). The contract referenced by Plaintiff in its Complaint is not part of the record in this case. In their Motion to Dismiss, Defendants dispute Plaintiff's

rights and ability to maintain this action against them in absence of the supposed contract and joinder of an unidentified party of interest (licensor) (Docket No. 30, p. 10-11 of 18).

Defendants' contention concerning the undisclosed contract is well-taken.  Plaintiff's standing to bring its claims against Defendants for violations of  47 U.S.C. § 605 and § 503 are dependent upon terms of an agreement with a third party, which is not disclosed in the record. Mr. Hand's affidavit is inadmissible to prove the contents of any agreement, in this case Plaintiff's rights under a contract, because doing so would violate FED. R. EVID. 1002, which provides that, "[a]n original writing . . . is required in order to prove its contents unless these rules or a federal statute provides otherwise." FED R. EVID. 1002 (West 2014).  Without the contract, the undersigned Magistrate is unable to determine whether the necessary parties have been joined in this action and whether Plaintiff has the requisite standing to bring its claims in evaluating the remaining summary judgment motions.  For these reasons, Defendants' Motion to Dismiss is denied pending Plaintiff's submission of the contract proving its rights to maintain this action against Defendants and the close of any extended discovery period.

## VI. CONCLUSION

For the foregoing reason, the Magistrate denies the Motion to Dismiss subject to the following conditions:

(1)    Plaintiff shall submit the contract granting it the proprietary rights in the UFC 129 programming it seeks to enforce within 15 days;

(2)    Disposition of the Motions for Summary Judgment will be stayed pending any amendments to the pleadings and completion of any additional discovery.

6

(3)     A telephone status conference will be held on July 18, 2014 at 11:30 a.m.

**IT IS SO ORDERED**.


/s/Vernelis K. Armstrong
United States Magistrate Judge



Date:  June 25, 2014